UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**KEVIN DEBBS**, and
**LIBERTY NATIONAL TRUST CORP.**,

    Plaintiffs,

v.                                          2:24-cv-193-JLB-NPM

**CDK FUND I SPV**, LLC,
**CDK CAPITAL PARTNERS I**, LLC,
**CODY KERNS**, and
**ESSENTIAL FUND SERVICES INTERNATIONAL**, LLC,

    Defendants.

---

## ORDER GRANTING TEMPORARY STAY OF DISCOVERY

Plaintiffs Kevin Debbs and Liberty National Trust Corporation assert claims against defendants CDK Fund I SPV, LLC, CDK Capital Partners I, LLC, Cody Kerns, and Essential Fund Services International, LLC (collectively "defendants") arising under the Securities Exchange Act of 1934, as well as other state laws. (Doc. 1). Defendants responded by filing motions to dismiss (Docs. 34, 43) and now move pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), to stay all deadlines pertaining to the Rule 26(f) discovery conference, submission of the Case Management Report, and attendance at the Rule 16 conference, as well as all discovery. (Doc. 52). Plaintiffs informed defendants that they do not oppose their request for relief. (*Id.* at 6).

The PSLRA applies to private actions, when as here, the plaintiffs allege violations of the Securities Exchange Act of 1934. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 631 n.3 (11th Cir. 2010). "Pursuant to the PSLRA, 'all discovery and other proceedings[1] shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.'" *Edge v. Tupperware Brands Corp.*, No. 6:22-cv-1518-RBD-LHP, 2022 WL 6726758, *1 (M.D. Fla. Oct. 11, 2022) (quoting 15 U.S.C. § 78u-4(b)(3)(B) (footnote added)). "Thus, the Court does not have discretion to impose the stay because the provision is mandatory." *Hind v. Fxwinning Ltd.*, No. 23-23139-cv-Scola, 2024 WL 1138426, *1 (S.D. Fla. Mar. 13, 2024); *see also Rensel v. Centra Tech. Inc.*, 2 F.4th 1359, 1362 (11th Cir. 2021) (recognizing that the filing of a motion to dismiss triggers an automatic stay on "all discovery and other proceedings" under the PSLRA). Because the PSLRA applies to this matter, and there is no suggestion that any discovery is necessary to preserve evidence or prevent undue prejudice, defendants' motion is granted.

---

[1] The "other proceedings" provision has been read to include litigation activity relating to discovery. *Rensel v. Centra Tech, Inc.*, No. 1:17-cv-24500, 2019 WL 3429149, *1 (S.D. Fla. Mar. 8, 2019), *report and recommendation adopted*, 2019 WL 3429128 (May 1, 2019).

Accordingly, the court grants defendants' motion (Doc. 52) for temporary stay of *all* discovery, acknowledging that a mandatory and automatic stay is currently in place.[2] Until every defendant has filed an answer, the parties are relieved from their obligations to convene a Rule 26(f) discovery conference; submit a Case Management Report; and attend a Rule 16(b) conference. Within **21 days** after all defendants have filed an answer, the parties must: (1) conduct a Rule 26(f) conference and file their Local Rule 3.02 Case Management Report, and (2) file a joint notice that the automatic stay has terminated, and this matter is ripe for a Rule 16(b) conference.

**ORDERED** on June 13, 2024

_____
NICHOLAS P. MIZELL
United States Magistrate Judge

---

[2] In the future, the parties may jointly file a notice of PSLRA stay and obtain the same relief obtained by the motion here. One way or another, the court needs to be apprised of any basis to depart from its routine case-management practices.